UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DANNY N. BRITTINGHAM, | § |
| *Plaintiff,* | § § CASE NO. 1:21-cv-00096-MU |
| v. | § § DEFENDANT'S RESPONSE TO § MOTION TO AMEND COMPLALINT |
| CONSUMER ADJUSTMENT COMPANY, INC., | § § § |
| *Defendant.* | |

## DEFENDANT'S RESPONSE TO MOTION TO AMEND COMPLAINT

COMES NOW, Defendant, Consumer Adjustment Company, Inc. ("CACi" or "Defendant"), by and through undersigned counsel, and requests this Court deny Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 72). In support, Defendant states:

### INTRODUCTION

Plaintiff's latest request to amend the Complaint for a third time is untimely and unreasonable on its face. This case has been pending for nearly two years, based on certain specific and narrow allegations arising out of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("the FCRA"). The amendment cutoff passed over a year ago, on September 21, 2021. Doc. 28. Extensive discovery was conducted on the narrow allegations of the operative Complaint, and CACi has already filed a motion for summary judgment (now moot, after CACi voluntarily agreed to reopen limited discovery regarding a specific document). After all this time – after reviewing Defendant's arguments and authorities in its previously filed motion for summary judgment that demonstrate beyond any dispute that Plaintiff's complaint allegations were not accurate and were legally

unsupported – and after having access for many months to every bit of information and every fact it now alleges – Plaintiff now seeks a vast and sweeping amendment to turn this matter into an entirely different case, adding parties and claims entirely outside the scope of the existing case, citing no good cause other than innuendo and conspiracy theories. Every factual allegation that is made in the attempted amendment has been known by Plaintiff's counsel for some time (in some cases, well over a year). *See* Doc. 26, Second Amended Complaint (filed July 26, 2021). There is simply no excuse for the timing of this request. This request is far too late and far too sweeping for this Court to credit, especially at this procedural stage in the case.

## BACKGROUND

Plaintiff filed his original Complaint on February 26, 2021, naming Midwest Recovery Systems, LLC ("Midwest") as the Defendant. Doc. 1. The main allegations of the original Complaint have not substantially changed (until Plaintiff's current request to amend) – Plaintiff alleged Midwest, a debt collector, violated the FCRA by failing to investigate his dispute of a debt. *Id*. Plaintiff also alleged two FDCPA violations that were unsupported by any allegations: that Midwest charged impermissible late fees, and that Midwest misrepresented the nature of the debt. *Id*.

The original Complaint made allegations that Midwest had engaged in certain activities when, in fact, CACi had been the underlying debt collector, working under the name of Midwest pursuant to its contractual rights under an asset purchase agreement to do so (CACi purchased the name Midwest Recovery Systems, Inc). Despite not being named and not being served, CACi responded to the original Complaint, though it did so, at first, under the name of Midwest, as the collection had taken place under that name. As many points in this timeline will reveal, "no good deed goes unpunished."

CACi almost immediately corrected the mistake of responding as Midwest. In July of 2021, upon review of the relevant documents, counsel for CACi discovered the underlying collection had actually been performed by CACi in its alternative name Midwest Recovery, and that pleadings had been filed under the Midwest name. Counsel immediately informed Plaintiff's counsel of the mistake in the previous pleadings, and consented to Plaintiff filing a Second Amended Complaint naming CACi as the Defendant. In sum – first CACi answered a Complaint in which it was not actually named and which it had not actually been served; then, CACi voluntarily informed Plaintiff that it had technically sued the wrong party. "No good deed," once again – Plaintiff now uses CACi's voluntary actions to correct the record in this suit as "evidence" to support the existence of a conspiracy.

In his Second Amended Complaint, which acknowledges that CACi was the entity doing the credit reporting, Plaintiff brought three causes of action that largely overlap his previous allegations. In Count I, he alleged CACi violated the FCRA, by failing to investigate his dispute, failing to review all relevant information regarding the dispute, and continuing to submit false and derogatory information to the CRAs after receiving the dispute. In Count II, Plaintiff alleged CACi violated the FDCPA by furnishing information to the CRAs without first communicating with him about the debt (section 1692f), collecting late fees to which CACi was not entitled (section 1692f(1)), and providing false information regarding the status of a loan (section 1692c). Finally, Plaintiff vaguely alleged common-law negligence, alleging CACi breached a duty by attempting to collect the debt in the first place. After noting the negligence claim is preempted,[1] the issues in

---

[1] *See Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1260 (M.D. Ala. 2007); *Gregory v. Select Portfolio Servicing, Inc.*, No. 2:15-CV-00781-JHE, 2016 WL 4540891, at *10 (N.D. Ala. Aug. 31, 2016)

this case are simple and narrow: what action, if any, CACi took in response to Plaintiff's dispute of the subject debt.

Extensive discovery proceeded on this basis, including depositions of Plaintiff and of CACi's corporate representative, Roger Weiss. Documents were exchanged. Affidavits were filed. And, finally, more than a year into the case, CACi filed a motion for summary judgment, which demonstrated without a doubt that Plaintiff's allegations were inaccurate and unsupported by the facts or the law. See Doc. 54. The facts demonstrated that CACi received Plaintiff's dispute, processed it properly, investigated it, and deleted the offending CRA reporting within the required 30 days when it was unable to corroborate the underlying debt. The facts also demonstrated that any additional allegations – such as allegations concerning late fees – were without any basis.

Plaintiff responded to CACi's summary judgment motion by raising, for the first time, a discovery dispute over two items that CACi had previously considered irrelevant and of which Plaintiff had been fully aware (as evidenced by its July 2021 Second Amended Complaint). He filed a motion to exclude Roger Weiss's *entire deposition* and affidavit because they referenced facts that arose from the asset purchase agreement – facts about which Plaintiff had been well aware for over a year. Doc. 62. He also demanded the Court reopen discovery on an open-ended basis, so that, among other things, he could retake Weiss's deposition, and take depositions of other members of the CACi team that he had not previously thought to depose.[2] While the Court set a briefing schedule on these issues, CACi – once again voluntarily – agreed to resolve the dispute by handing over certain documents and permitting a limited reopening of discovery so that

---

[2] Despite longstanding knowledge of these documents and facts, it was not until Plaintiff reviewed CACi's summary judgment motion that he pressed for the disclosure of these documents.

Plaintiff could question Mr. Weiss again as to any issues that arose from the document disclosure. *See* Doc. 71. All of these discovery issues should have been dealt with prior to the close of discovery by Plaintiff in the form of Rule 37 communications and, ultimately, a motion to compel – not post-summary judgment filings – especially since Plaintiff had been well aware of the items for over a year at the time of the motion for summary judgment filing. Still, CACi responded and acted in good faith.

"No good deed," once again. With the additional time it was afforded by CACi's discovery agreement, rather than seek the depositions it had requested, Plaintiff apparently went to work drafting this third Amended Complaint. The proposed Third Amended Complaint vastly expands Plaintiff's allegations, based upon nothing but innuendo – all innuendo that could have been thrown against the wall in July of 2021, but which was held back by Plaintiff until now. It names Roger Weiss, the owner of CACi, in his individual capacity. Doc. 74. And it alleges, out of thin air, the existence of a shadowy corporate conspiracy. *Id.* The proposed amendment is, in a word, absurd, twisting CACi's intentions throughout this lawsuit into some kind of plot, and alleging with no support whatsoever that CACi conspired with Midwest to dodge liability (despite the fact that – again – according to Plaintiff's own allegations, CACi has voluntarily answered this lawsuit and a number of others despite not being initially named). This amendment is too large, is entirely unsupported, and comes far too late in the process. This Court should not allow Plaintiff to simply change his entire case after apparently realizing, from reading CACi's summary judgment motion, that he could not prevail on the allegations he had actually brought.

**ARGUMENT**

The Court should deny Plaintiff leave to file his Third Amended Complaint. Plaintiff is seeking, here, to file an amended pleading after the deadline this Court set in its scheduling order.

As a result, two rules must be applied – Plaintiff "must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal citations omitted). The burden is on the movant to show good cause. *Id*.

**a.     Lack of Diligence**

It is unsurprising that Plaintiff ignores Rule 16 in his motion for leave to amend, as it would be difficult for Plaintiff to argue his delay was justified or that he proceeded with due diligence. As outlined at length above, this motion not only comes after the amendment deadline has passed – it comes after Defendant has already filed a summary judgment motion. A plaintiff does not have "good cause" to disturb a scheduling order simply because he realizes he cannot win on the facts and allegations of the operative complaint.

Moreover, while Plaintiff's amendment is based largely on innuendo, Plaintiff has *long* possessed the underlying facts upon which that innuendo is ostensibly based. While CACi expects Plaintiff will argue that the facts underlying its fanciful new allegations were only discovered after CACi turned over a copy of the Asset Purchase Agreement, Plaintiff has *long* been aware of the existence of that agreement and every fact it alleges it discovered therein. Plaintiff was aware of the Asset Purchase Agreement at the time he filed his Second Amended Complaint. *See* Doc. 26 at ¶ 20. He noted the existence of the Asset Purchase Agreement in his own Rule 26 disclosures. *See* Ex. A at 2, ¶ 2(a)(1). CACi noted the asset purchase in its responses to Plaintiff's First Interrogatories, served September 1, 2021. Ex. B at ¶ 16. And Mr. Weiss testified about the asset

purchase at some length in his deposition, taken March 8, 2022. Ex. C at 14:4-18, 14:22-16:19, 37:7-38:5, 65:5-8.

Additionally, many of Plaintiff's new allegations are related to the FTC case referenced above. The stipulated order in that case was entered December 23, 2020, *before Plaintiff's original Complaint*. Ex. D.[3] "That the information supporting the proposed amendment to the complaint was available to [the plaintiff] even before she filed suit weighs against a finding of diligence." *AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 408 (11th Cir. 2020) (internal quotations omitted). Indeed, that same FTC order is cited and referenced throughout the Second Amended Complaint filed in July of 2021. *See* Doc. 26.

Plaintiff assumes good cause for his amendment is apparent on the face of his motion, as "significant factual matters [were] revealed by Plaintiff's independent research since Plaintiff filed his First Amended Complaint." Doc. 72 at 7. Plaintiff fails to mention that he apparently failed to perform this independent research until well after the amendment deadline, and that *all* the facts upon which he now relies were available to him for quite some time (in some cases, since before he filed his original Complaint). Indeed, Plaintiff attaches one piece of this "independent research" to his motion to amend – a statement put out by the FTC Commissioner on *November 25, 2020* (again, well *before* Plaintiff filed his original Complaint). See Doc. 72-1. Given the information

---

[3] Indeed, while not necessarily relevant to this amendment request, the Court should note that the FTC was aware of CACi's planned asset purchase, and did not, at any time, implicate or investigate CACi for the unlawful behavior in which Midwest had been engaged. *See* Ex. C at 17:13-18:6 (testifying that the FTC had contacted CACi only to obtain very limited information during its investigation, and implying FTC was aware of asset purchase). CACi is not in any way implicated in the FTC case. *See* Ex. D.

The Court will also note that CACi is now engaged in a lawsuit against Midwest and its owner, Brandon Tumber, for, among other conduct, misleading CACi about its legal troubles during the negotiation of the asset purchase. *Consumer Adjustment Co., Inc. v. Brandon Tumber et al.*, Case No. 22SL-CC04258 (Mo. Cir. Ct. St. Louis County 2022).

Plaintiff has possessed for many months, as well as the timing of this request to amend, Plaintiff's delay in filing this amendment was clearly and undoubtedly the result of his lack of diligence. There simply cannot be "good cause" for an amendment request filed over a year after the amendment deadline that is based upon information available to the movant throughout the entire process of the case. See *AMG Trade & Distribution, LLC*, 813 F. App'x at 408. Rule 16's "good cause" standard is not met, here.

### b.   Undue Delay and Prejudice

As discussed above, this Court need only analyze the propriety of the amendment under Rule 15 if it finds Plaintiff's delay is justified by good cause under Rule 16. *Sosa*, 133 F.3d at 1419. While that standard is not met here, even if the Court finds good cause, the amendment is still inappropriate. Under Rule 15, a party may amend its pleadings once as a matter of course within 21 days of the filing of the responsive pleading. Fed. R. Civ. P. 15(a)(1). Outside of that time limitation, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ, P. 15(a)(2). While courts are directed that such leave should be given when justice requires, "[a] district court still has the power to manage the case[.]" *Worsham v. Provident Companies, Inc.*, 249 F. Supp. 2d 1325, 1334 (N.D. Ga. 2002) (citing *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990). Accordingly, "leave will be denied if the amendment is offered: (1) after undue delay, in bad faith, or with a dilatory motive, (2) when the amendment would be futile, or (3) when the amendment would cause undue delay or prejudice." *Id*.

Two of the above factors weight heavily in favor of denying leave to amend. First, as discussed above, it unmistakable that this request to amend comes "after undue delay." Plaintiff was long aware of the facts he alleges support his allegations, in some cases before the case even

commenced. This characterization includes both the facts underlying his allegations concerning the Asset Purchase Agreement and the FTC case – the FTC order predated his original Complaint, and the Asset Purchase Agreement was repeatedly referenced and described at length throughout the pleading and discovery processes. Plaintiff simply cannot claim he discovered some new information so late in the game. And, as referenced above, given the timing of this amendment request – after Plaintiff reviewed CACi's summary judgment motion and its supporting evidence.[4]

Additionally, the third factor – that the amendment would cause undue delay or prejudice – also weighs heavily against permitting the amendment. The amendment seeks to add three parties, including two individual persons, and substantial additional allegations and causes of action. The Third Amended Complaint would immediately become the subject of a well-filed motion to dismiss by CACi and Mr. Weiss, as Plaintiff's justifications for piercing the corporate veil, as well as his allegations supporting his conspiracy theories, are largely unsupported by the innuendo he alleges as facts. Two of the newly-added parties (Midwest and Brandon Tumber) are not represented by undersigned counsel, meaning Plaintiff would be required to serve summonses, attorneys would enter their appearance, and responsive pleadings would be filed by those parties, as well. Assuming the new complaint survives motions to dismiss, entirely new written and testimonial discovery would be required, as no discovery whatsoever has been conducted on any of the new causes of action or the conspiracy allegations. Depositions, which thoroughly covered the allegations of the previous complaint, would have to be retaken across the board. After nearly two years of litigation over a relatively minor alleged credit reporting violation (which did not

---

[4] Given this timing, Plaintiff's motives for the amendment probably deserve some scrutiny by this Court.

actually happen), Plaintiff is attempting to add *at least* an additional year to the case schedule based upon allegations he cannot, and will not, prove.

Finally, though, the prejudice of this enormous late amendment is readily apparent. CACi has already spent a tremendous amount of time, resources, and money defending this lawsuit. That work has included a full discovery process, followed by briefing of a motion for summary judgment. Notwithstanding the individual expense that would be required if Weiss is allowed to be named as a defendant, doubling the amount CACi has already been forced to spend in this case could potentially be ruinous, even though CACi has already proven it will prevail in the end. Given the undue delay, both before and after the amendment, the likely motivation for the amendment, and the prejudice against CACi, this request to amend does not meet even the permissive standard set by Rule 15.

## CONCLUSION

Plaintiff cannot show good cause under Rule 16 for the substantial delay before this request to amend. Even if this Court disagrees and finds good cause, it should still find that Rule 15's factors weigh heavily against permitting this massive, extremely late amendment, which would essentially reset the entire case calendar and unfairly force CACi to expend substantial additional money and resources. The Court should deny Plaintiff's motion for leave to amend.

WHEREFORE, Defendant requests this Court deny Plaintiff's Motion for Leave to File Third Amended Complaint, for its costs expended responding to said Motion, and for such other relief as this Court deems just and proper.

**[SIGNATURES AND SERVICE ON FOLLOWING PAGE]**

Dated: October 20, 2022                    Respectfully Submitted,

                                               **MARTIN LYONS WATTS MORGAN PLLC**

                                               By:/s/ MATTHEW J. BELL
                                               Matthew J. Bell, Mo. Bar No. 67241
                                               1200 S. Big Bend Blvd.
                                               St. Louis, Missouri 63117
                                               P: (314) 669-5490
                                               F: (888) 632-6937
                                               mbell@mamlaw.com

                                               *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on October 20, 2022, the foregoing was filed electronically with the Clerk of the Court and served by operation of the Court's electronic filing system to the following counsel of record:

Earl P. Underwood , Jr.                    Steven P Gregory
*Underwood & Riemer, PC*                   *Gregory Law Firm, P.C.*
Email: epunderwood@gmail.com               Email: steve@gregorylawfirm.us

                                               /s/ Matthew J. Bell