IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

DANNY N. BRITTINGHAM,

    PLAINTIFF,

VS.

CONSUMER ADJUSTMENT
COMPANY, INC.,

    DEFENDANT.

Case No.: 1:21-cv-00096-MU

PLAINTIFFS REPLY BRIEF IN SUPPORT OF
THE THIRD AMENDED COMPLAINT

**I.    INTRODUCTION**

From the very beginning of this litigation, CACi has been less than forthright regarding its discovery responses and court filings. Mr. Brittingham initially filed this action because CACi attempted to collect a debt from him by reporting a non-existent payday loan debt on his credit reports. CACi's false credit reporting was done under the moniker "Midwest Recovery Systems, LLC."[1] ("Midwest"). This defunct company was put out of business by the Federal Trade Commission for deceptive collection practices.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires." Grounds for a denial of a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" *Foman v Davis,* 371 US 178,182 (1962). "The[e]

---

[1] In Doc 79, CACi used the name "Midwest Recovery Systems Inc.", instead of Midwest Recovery Systems LLC.

policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v E. Air Lines .,* 868 F.2d 401,407 (11th Cir. 1989).

Motions seeking to modify an existing scheduling order are governed by Fed R. Civ. P, 16(b), which allows a scheduling order to be modified for "good cause." "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Price v Trans Union, LLC,* 737 F. Supp. 2d 276, 279 (ED Pa. 2010) (collecting cases). Thus, "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v Hawkins,* 464 F.3d 813,822 (8th Cir. 2006). Furthermore, allowing the amendment would promote judicial efficiency since disallowing the amendment would leave Plaintiffs with no other option except to file a second case.

### III. ARGUMENT

**A. CACi Has Been Less Than Forthcoming With Both the Court and the Plaintiff**

Initially, CACi filed a false corporate disclosure statement, Doc. 11, in this case, claiming to be Midwest. The complaint was amended on May 25, 2021, and alleged a class action against Midwest regarding its collection practices. (Doc. 17.) That complaint was answered under the Midwest tradename. (Doc. 18). So, it is apparent that CACi did not "almost immediately correct[] the mistake of responding as "Midwest," as claimed in its opposition. CACi ("Midwest") filed an Answer to the Complaint and First Amended Complaint as "Midwest" and continued that charade until July 8, 2021. Mistakes do happen, but, the pattern and practice recently uncovered goes beyond what could not possibly be honest mistakes.

Caci could have and should have come clean during the first meeting of the parties because, "Under Rule 26(a)(1)(A), Fed.R.Civ.P., a litigant in federal court must provide initial disclosures

including 'the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment,'" *Hosea v. Langley*, CIVIL ACTION 04-0605-WS-C, at *7 (SD Ala. Feb. 7, 2006). Moreover, "Parties are required to supplement incomplete Rule 26(a) disclosures. Fed. R. Civ. P. 26(e)(1). " *Faulk v. Volunteers of America*, 444 F. App'x 316, 3 (11th Cir. 2011). It is the height of hypocrisy for CACi to now complain that "no good deed goes unpunished."

During discovery, CACi identified Brandon Tumber and described its acquisition of Midwest's assets, but even then, they prevaricated. CACi's CEO, Roger Weiss, testified that he "did not remember" how much money CACi paid for the Midwest assets. Plaintiff had to learn that amount later. As it turns out, the amount was hardly a sum that the CEO of a company of the relatively small size of CACi would forget that it owed to Midwest. What is more, it appears that Midwest lied to the Federal Trade Commission when it did not disclose the asset sale to CACi.

The ties between Midwest and CACi appear to run back to prior to the FTC Complaint and order in *Federal Trade Commission v. Midwest Recovery Systems, LLC, et al.*, Civil Action No. 4:20-cv-01674 (Eastern District of Missouri, November 15, 2020). In the Stipulated Order for Permanent Injunction and Monetary Judgment entered in that case, the court included the following order in Part VIII D:[2]

> Individual **Defendant Brandon M. Tumber is ordered**, within twenty-one (21) days of entry of this Order, t**o sell or divest his ownership interest in Consumer Adjustment Company, Inc., also d/b/a CACi**, and shall transfer to the Commission all funds from the proceeds of such sale or divestiture within thirty (30) days of entry of this Order. The sale or divestiture shall not be to any member of Individual Defendant Brandon M. Tumber's immediate family, and he shall not otherwise materially benefit from such sale or divestiture.

---

[2] See Doc. 79.4, Stipulated Order For Permanent Injunction And Monetary Judgment.

3

The connections between the existing Defendant and the proposed additional Defendants appear to have no end. Litigating this case has been, for the Plaintiff, an experience similar to peeling an onion. What appeared at first to be a relatively straightforward complaint under the Federal Debt Collection Practices Act and the Federal Consumer Reporting Act has, upon investigation, become something with substantially more layers. These discoveries led Plaintiff to file his motion to amend the Complaint a third time to add co-conspirators and additional causes of action. Plaintiff respectfully submits that he has demonstrated sufficient due diligence to satisfy the requirements of Rule 16(b). *See Kiley v. MedFirst Consulting Healthcare Staffing, LLC*, Case No. 2:17-cv-01756-RDP (ND Ala. Dec. 10, 2019).

Plaintiff's request to amend the Complaint is proper under Rule 16(b). Rule 16(b), which governs scheduling orders, provides that such an order "may be modified upon a showing of 'good cause[.]'" *Johnson v Mammoth Recreations, Inc*. 975 F.2d 604,608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)). Specifically, the "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). In this case, good cause exists to grant the Plaintiffs' proposed amendment because new and compelling evidence has been discovered.

In determining whether good cause exists, a court looks to whether Plaintiffs could have made the amendment sooner, or whether new information has come to light that justifies the late amendment. For example, the Sixth Circuit found that good cause existed "[g]iven the district court's view of the tolerance provision as a legal bar to Plaintiff's TILA claim as well as the dearth of authority presented prior to the district court's April 11 dismissal order" and explained that "we do not believe Plaintiff failed to act diligently in seeking to file an additional amended pleading

4

several months after expiration of the deadline in the scheduling order." *Inge v. Rock Fin. Corp,* 281 F.3d 613, 626 (6th Cir. 2002). Likewise, a district court granted a motion to amend under Fed. R. Civ. P. 16(b) where "[d]efendants do not argue that Plaintiff knew of Hannings' comment prior to filing the case, was not diligent in her efforts to obtain discovery, or delayed filing her motion to amend the complaint once she became aware of the new information." *Bowers v. Am. Heart Ass'n., Inc.,* 193 FRD 630, 633 (D. Minn 2000). Finally, Courts evaluating motions to amend both under Rule 16(b) and Rule 15(a) also inquire whether a proposed amendment is futile. *Bowers,* 513 F. Supp. 2d at 1368. The amendment here is certainly not futile, as shown above.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's Motion for Leave to Amend, Plaintiff respectfully submits that the motion is due to be granted.

**RESPECTFULLY** submitted on this, the 10th day of November 2022.

*/s/Earl P. Underwood, Jr.*
**EARL P. UNDERWOOD, JR.**
**Attorney for Plaintiff**

**OF COUNSEL:**
**21 S Section Street**
**Fairhope, Alabama 36532**
**Phone:   251.990.5558**
**Email: epunderwood@alalaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed using the CM/ECF system, which will send a notification to all Counsel of record this 10th day of November 2022.

*/s/Earl P. Underwood, Jr*
**Earl P. Underwood, Jr.**
