IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

DANNY N. BRITTINGHAM,

PLAINTIFFS,

VS.

Case No.: 21-96

MIDWEST RECOVERY SYSTEMS, LLC
AND TRANSUNION, LLC.,

DEFENDANT(S).

## COMPLAINT

**COMES NOW** Plaintiff, DANNY N. BRITTINGHAM (hereafter "Mr. Brittingham" or "Plaintiff"), by Counsel and as his Complaint against Defendants named above and states the following:

### PRELIMINARY STATEMENT

1. In April of 2020, Plaintiff received a notification from Credit Karma that Midwest Recovery Systems LLC ("Midwest") reported derogatory information about him on his credit reports.

2. Midwest claimed that Plaintiff's debt with National Payday Loans was delinquent.

3. Plaintiff never had an account with Midwest or with National Payday Loans and does not owe either of them anything.

4. Mr. Brittingham mailed letters to the credit bureaus, including Equifax and TransUnion, disputing the derogatory information. Each of the bureaus was required to forward the disputes to Midwest. Midwest and each of the bureaus was required to investigate the disputed information and correct the reporting reasonably. However, the inaccurate information continued to be reported by TransUnion.

5. Plaintiff asserts claims against Midwest for violations of the Fair Debt Collection Practices Act, 15 USC 1692 ("FDCPA") and the Fair Credit Reporting Act, 15 USC 1681 ("FCRA"). Plaintiff, Mr. Brittingham, also brings FCRA claims against TransUnion.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 USC § 1331 (federal question), 15 USC § 1640, 15 USC 1692k, 12 USC § 2617 and 28 USC § 157(b).

7. The venue is proper under 28 USC § 1409 because the events giving rise to Plaintiff's causes of action occurred in this District.

## PARTIES

8. Plaintiff Danny N. Brittingham is a resident of Monroe County, Alabama, and is a consumer as defined by 15 USC § 1692a(3).

9. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by 15 USC § 1692(a)(5).

10. Midwest Recovery Systems, LLC ("Midwest") is a foreign limited liability company formed outside the State of Alabama, with its principal place of business in Missouri.

11. TransUnion, LLC ("TransUnion") is a foreign limited liability company incorporated under the laws of Delaware. TransUnion is a Consumer Reporting Agency.

## FACTUAL ALLEGATIONS

12. In April of 2020, Plaintiff received a notification from Credit Karma that Midwest had put a derogatory remark on his TransUnion and Equifax credit reports.

13. After receiving this notification, Plaintiff went online to check his credit score and credit report and verified that Midwest was falsely reporting an open account in collection of $444.00 with the original creditor listed as National Payday Loans.

14. Plaintiff had never received any communication, of any kind, from Midwest before the false information placed on his credit report, and Plaintiff has never done any business with Midwest or National Payday Loans.

15. In June of 2020, Plaintiff sent a letter disputing the reporting to TransUnion and Equifax, stating that he had never had an account with Midwest or National Payday Loans and requested that this account be removed from his credit reports.

16. After receipt of the dispute notices, Equifax deleted the Midwest reporting as it should have and is not a party herein. However, TransUnion verified the Midwest reporting as accurate on July 21, 2020.

## COUNT I
## FAIR CREDIT REPORTING ACT 1681-s(2)(B)

17. All the relevant forgoing factual allegations are incorporated by reference in this Count.

18. This Count is against Midwest only.

19. This is a claim by Mr. Brittingham against Midwest for violations of the Federal Fair Credit Reporting Act ("FCRA"), USC §1681 et seq.

20. Midwest furnishes credit information to consumer credit reporting agencies as FCRA defines those terms. Midwest is subject to requirements of FCRA, including those duties set out in 15 USC §1681s-2(b).

21. At all relevant times and at least as early as April of 2020, Midwest provided derogatory, false, and disputed credit information about Mr. Brittingham to consumer reporting agencies ("CRAs"), including TransUnion.

22. TransUnion reported this false and derogatory information to third parties, including Mr. Brittingham's potential lenders, and others who may be in a position of evaluating his creditworthiness, credit standing, credit capacity, character and general reputation.

23. As stated above, Mr. Brittingham provided written disputes of this information to Equifax and TransUnion. Each of these disputes constituted a "consumer dispute." The disputes triggered the requirements set out in 15 USC § 1681i and 1681s-2(b). Upon information and belief, information about each dispute was forwarded to Midwest, as required by 15 USC § 1681i(a)(2).

24. Information was available to Midwest that should have, upon any reasonable investigation, informed it that it was reporting false information regarding Mr. Brittingham. Despite its knowledge that the information being reported was false and could not be verified by any reliable account records, Midwest verified the false and derogatory information as accurate, knowing that by doing so, Mr. Brittingham's creditworthiness would be damaged.

25. Midwest has taken actions that violate FCRA, precisely 15 USC §1681s-2(b). These actions include, but are not limited to, the following:

   a. Failing to fully, reasonably, or adequately investigate Mr. Brittingham's dispute of the reporting of the false and derogatory information;

   b. Failing to review all relevant information regarding the dispute and by disregarding that information after review; and

   c. After receiving notice of the dispute directly from Plaintiff and the credit bureaus, continuing to submit false and derogatory information to consumer reporting agencies. Midwest knew that information to be inaccurate, incomplete and not verifiable yet failed to modify, delete or permanently block the reporting of the credit information, which Midwest knew to be false, incomplete and not valid.

26. As a proximate result of this conduct, Mr. Brittingham suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from the credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

27. Midwest's acts and omissions made in violation of the FCRA were willful, entitling Mr. Brittingham to recover remedies provided in 15 USC §1681n.

28. Midwest's acts and omissions made in violation of the FCRA were negligently made, entitling Mr. Brittingham to recover the remedies provided under 15 USC § 1681o.

**WHEREFORE**, Plaintiff requests that this Court enter a Judgment against Defendant, Midwest, for negligent and willful violations of the FCRA and award him actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees and further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT II
### (FCRA VIOLATIONS-CRA DEFENDANT)

29. Mr. Brittingham realleges and incorporates all of the preceding paragraphs as if fully set out herein.

30. This Count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant TransUnion under 15 USC § § 1681o and 1681n.

31. TransUnion is a "Consumer Reporting Agency" as that term is defined in FCRA.

32. Defendant TransUnion has reported false and derogatory credit information on Mr. Brittingham's credit report relating to the above-described debt. This information was published to third parties, including Mr. Brittingham's potential lenders and others in a position to evaluate

5

Mr. Brittingham's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by TransUnion to third parties is a "Consumer Report," as that term is defined in the FCRA.

33. Mr. Brittingham notified TransUnion that the information being reported in his credit file related to Midwest was false and requested that the data be corrected.

34. TransUnion failed to investigate Mr. Brittingham's disputes reasonably and merely parroted the false information supplied by Midwest without performing any meaningful or reasonable independent investigation.

35. TransUnion failed to comply with the requirements of the FCRA in one or more of the following ways:

   a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Mr. Brittingham, to follow reasonable procedures to ensure maximum possible accuracy of the information it published in its reports relative to Mr. Brittingham;

   b. By willfully and/or negligently failing to comply with 15 USC § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine whether the disputed information was accurate, complete and correct;

   c. By willfully and/or negligently failing to delete data which each of the CRA Defendants knew or, had any reasonable investigation been conducted, should have known, was inaccurate, incomplete and/or could not be verified;

   d. By failing to adequately respond to Mr. Brittingham's disputes as required by 15 USC § 1681;

6

  e. By failing to exercise due care and reasonable prudence in preparing its reports relative to Mr. Brittingham.

  36. As a proximate result of this conduct, Mr. Brittingham suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

  37. The CRA Defendant's acts and omissions made in violation of the FCRA were willful, entitling Mr. Brittingham to recover the remedies provided in 15 USC §1681n.

  38. The CRA Defendant's acts and omissions made in violation of the FCRA were negligently made, entitling Mr. Brittingham to recover the remedies provided under 15 USC § 1681o.

  **WHEREFORE,** Mr. Brittingham requests that this Court enter a separate Judgment against TransUnion for negligent and willful violations of the FCRA and award him actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Mr. Brirttingham further requests such other relief as the Court deems just and proper, the premises considered.

**COUNT III
(FDCPA VIOLATIONS)**

  39. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

  40. Defendant Midwest is a "debt collector" as defined by the FDCPA, 15 USC § 1692a(6).

7

41. Midwest has violated the FDCPA in connection with its attempts to collect the inaccurate account at issue. Midwest's violations include, but are not limited to the following:

   a. Collecting and attempting to collect late fees it was not entitled to in violation of 15 USC § 1692f(1); and

   b. Providing false information regarding the status of a loan in violation of 15 USC § 1692c.

42. Due to its violations of the FDCPA, Midwest is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

**WHEREFORE,** Mr. Brittingham requests that this Court enter a separate Judgment against Midwest for negligent and willful violations of the FDCPA and award him actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Mr. Brirttingham further requests such other relief as the Court deems just and proper, the premises considered.

Respectfully submitted on February 26, 2021.

*/s/ Earl P. Underwood, Jr.*
**Earl P. Underwood, Jr.**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone:** **(251) 990-5558**
**Facsimile:** **(251) 990-0626**
**E-mail:** **epunderwood@alalaw.com**
***Attorney for Plaintiff Danny N. Brittingham***

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

TRANSUNION, LLC
C/O PRENTICE-DAVIS CORPORATION SYSTEM INC.
150 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

MIDWEST RECOVERY SYSTEMS, LLC
C/O CORPORATION SERVICE COMPANY, INC.
641 SOUTH LAWRENCE STREET
MONTGOMERY, ALABAMA 36104

*/s/ Earl P. Underwood, Jr.*
**Earl P. Underwood, Jr.**

9